

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

June 18, 1975

*RJ 832*

The Honorable Joe E. Lassiter, Chairman
Texas Private Employment Agency
Regulatory Board
Box 12157, Capitol Station
Austin, Texas 78711

Opinion No. H- 629

Re: Does the Texas Private
Employment Agency
Regulatory Board have
authority to determine
the circumstances in
which "temporary employ-
ment" fees will be charged
by licensed private employ-
ment agencies.

Dear Mr. Lassiter:

You have requested an opinion to determine whether the Texas Private
Employment Agency Regulatory Board had authority to promulgate certain
rules prescribing the fee in circumstances where an applicant has obtained
employment through an agency and is then separated from employment within
thirty days. You direct our attention, in particular, to section 3(d) of those
rules. The rules, in part, are as follows:

Temporary Employment Service Fees to Applicants

In the event an applicant accepts a position through
an employment agency and such employment lasts
less than 30 days, such employment will be con-
sidered 'temporary employment' and the following
regulations will apply:

1. The agency will charge the applicant no more
than 20% of the applicant's gross earnings pro-
vided the applicant terminates the position for 'good
cause' within the first thirty days of employment.

. . .

3. The applicant will be considered 'at fault' and
thus excluded from the provisions of this ruling, when
termination occurs for any of the following reasons:

p. 2783

. . .

d. Job termination caused by the applicant's
failure to report to work, after accepting a
position, unless the applicant notifies the agency
of this decision prior to the mutually agreed
starting time and date.

Your letter of request advises:

. . . [T]his result is contrary to the custom and
contractual practice which has developed throughout
the years in the private employment agency business
. . .

The question presented here is whether or not
under the provisions of Section 15 of Article 5221a-6
RCS, the Board had the prerequisite authority to
promulgate such rule. Furthermore, does such rule
in any way contravene any of the provisions of the
Texas Constitution.

. . .

It has been the custom and contractual practice in
the operation of a private employment agency business
in this State and most other states to consider that the
agency had earned its service fee from an applicant
(on those jobs where the fee is to be paid by the applicant)
at the time when an employer offers to employ the appli-
cant and the applicant agrees to accept such employment
from the employer. Custom and contractual practice
has been that the fee at this point in time is 100% earned
by the agency.

The Texas Private Employment Agency Regulatory Board was created by
article 5221a-6, V.T.C.S., the *Private Employment Agency Law*, when that
statute was amended by Acts 1969, 61st Leg., ch. 871, p. 2625. The under-
lying purpose of the amended statute was said by Attorney General Opinion
M-750 (1970) to be " . . . to protect those seeking employment from exploita-
tion by an employment agency that might be tempted to take advantage . . . of
the employment seeker. . . . " Among other things, section 13(a) of the statute
expressly forbids licensed employment agencies to:

(1)  impose any fees for the registration of applicants for employment or any other fee of applicants except for the furnishing of employment referrals which result in the applicant obtaining employment;

. . .

(3)  charge a fee greater than that authorized and promulgated by the Board;

(4)  make, give, or cause to be made or given to any applicant for employees or employment any false promise, misrepresentation or inaccurate or misleading statement or information if such agency had knowledge or should have had knowledge of such falsity, misrepresentation, or inaccurate or misleading statement or information;

. . .

The powers of the Board are set out in section 15 of the statute, subsections (a) and (c) of which read:

(a)  The board is authorized to establish and promulgate a schedule of permissible maximum fees allowed to be charged to applicants by private employment agencies in the performance of their services.

. . .

(c)  The board shall promulgate procedural rules and regulations only, consistent with the provisions of this Act, to govern the conduct of its business and proceedings.  Notwithstanding any other provisions of this Act, the board shall not have any power or authority to amend or enlarge upon any provision of this Act by rule or regulation to change the meaning in any manner whatsoever of any provision of this Act or to promulgate any rule or regulation which is in any way contrary to the underlying and fundamental purposes of this Act or to make any rule or regulation which is unreasonable, arbitrary, capricious, illegal, or unnecessary.

If it is within the power of the Board to establish a different fee schedule for permanent positions and temporary positions, as we think it is, we believe it is within the power of the Board to define "permanent employment" and "temporary employment." The portion of the rule set out above does no more than determine under what circumstances an applicant will be charged "temporary employment" fees. If he terminates the position for good cause, as defined by the rules, within thirty days of being employed, an applicant is to be charged "temporary employment" fees. When he terminates the employment before reporting to work as agreed even "good cause" will not suffice to relieve him of a fee obligation unless he has timely advised the agency.

In our opinion this promulgation by the Board is well within the underlying purpose of the statute and the delegated power of the Board to establish and promulgate a schedule of maximum fees allowed to be charged applicants by private employment agencies "in the performance of their services."

We also think it is within the power of the Board, to promulgate reasonable rules that no fee is due for the performance of a service which results in the applicant accepting employment but "for good cause" not reporting for work. We cannot say the Board's action here was "unreasonable, arbitrary, capricious . . . or unnecessary." Those are questions of fact.

You have also asked if the rules contravene any provision of the Texas Constitution. You have not suggested any specific constitutional problem, and we know of none.

### SUMMARY

It is within the power of the Texas Private Employment Agency Regulatory Board to prescribe fees to be charged by private employment agencies in circumstances where an applicant has obtained employment through an agency and is then separated from employment within 30 days.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL,  First Assistant

C. ROBERT HEATH,  Chairman
Opinion Committee